## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:23-cv-00245-MOC-WCM

| | | |
|---|---|---|
| ALIX E. NARDONE and | ) | |
| BROOKE E. STARK, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC EDEE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following:

1. Plaintiffs' Motion to Remand and Motion to Expedite Briefing and Ruling on Motion to Remand (the "Motion to Remand," Doc. 2);[1]

2. Motion to Withdraw as Counsel for Defendant (the "Motion to Withdraw," Doc. 8);

---

[1] Some courts have concluded that a motion to remand is dispositive under 28 U.S.C. § 636(b)(1)(A) and therefore a United States Magistrate Judge lacks the authority to address such a motion through a direct ruling. See Flam v. Flam, 788 F.3d 1043 (9th Cir. 2015); Williams v. Beemiller, 527 F.3d 259, 265 (2d Cir. 2008); Vogel v. U.S. Office Products Co., 258 F.3d 509, 514–15 (6th Cir. 2001); First Union Mortg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998); Davidson v. Georgia-Pacific, L.L.C., 819 F.3d 758, 765 (5th Cir. 2016). However, the Fourth Circuit has not addressed whether a magistrate judge may issue an order of remand, see Jonas v. Unisun Ins. Co., 230 F.3d 1352, 2000 WL 1350648 (4th Cir. 2000) (unpubl), and the "rule in this District as well as in many others is that a motion to remand is 'non-dispositive' and can therefore be determined by a magistrate judge as a final order pursuant to 28 U.S.C. § 636(b)(1)(A)." Drye v. Bankers Life and Cas. Co., No. 3:15CV115-MU, 2006 WL 2077562 at *2 (W.D.N.C. July 24, 2006).

Case 1:23-cv-00245-MOC-WCM   Document 23   Filed 11/03/23   Page 1 of 18

3. "Defendant's Request for a 30 Day Continuance and amended Response to Plaintiffs' Answers" (the "First Motion to Extend," Doc. 10);

4. "Defendants Request for Case Withdrawal and (Dismissal with Prejudice of its Motion to Remove based upon Irreputable Harm done to Case by Un Approved, Non-Identified Improper Entry of Attorney," (the "*Pro Se* Request to Withdraw," Doc. 13); and

5. "Defendant's Medical Motion for 25 day Continuance" (the "Second Motion to Extend," Doc. 19).

## I.    Relevant Background

### A. Proceedings in State Court

According to the information of record, Alix E. Nardone ("Nardone"), Brooke E. Stark ("Stark"), and Eric Edee ("Defendant") are the owners, as tenants-in-common, of real property located at Lot 23 of the Lakeside Mountain Subdivision in Transylvania County, North Carolina (the "Property"), with each owning a one-third undivided interest. Doc. 2-2 at 1.

On November 12, 2021, Nardone and Stark (collectively "Plaintiffs") filed a Petition to Partition Real Property (the "Petition," Doc. 2-2) in the Superior Court of Transylvania County, North Carolina.

Defendant was served with the Petition on December 12, 2021. Doc. 2-3.

On December 19, 2021, Defendant signed a North Carolina Limited Warranty Deed that conveyed Defendant's interest in the Property to Westwood Funding, LLC, an entity of which Defendant is (or was) the sole

member. See Nardone and Stark v. Edee, No. 1:23-cv-00030-MOC-WCM, Doc. 13, Doc. 4 at 4, Doc. 1-1 at 19.

On October 12, 2022, the Clerk of Superior Court of Transylvania County (the "Clerk") issued an Order directing that the Property be sold by private sale in lieu of partition, and appointed a commissioner to oversee the sale. Doc. 2-5 at 4.

On December 13, 2022, the commissioner filed a report of sale, which advised that an offer for the Property had been received in the amount of $1,250,000. Doc. 2-7.

Plaintiffs assert that, during the due diligence period relative to this offer, the buyer's attorney discovered that Defendant had conveyed his interest in the Property to Westwood Funding, LLC. See Nardone and Stark v. Edee, No. 1:23-cv-00030-MOC-WCM, Doc. 4 at 4, Doc. 1-1 at 2.

On January 24, 2023, Plaintiffs filed a motion to add Westwood Funding, LLC as a respondent (the "Motion to Add Westwood Funding"). Doc. 2-8 at 1.

Plaintiffs noticed a hearing on the Motion to Add Westwood Funding for February 1, 2023. Nardone and Stark v. Edee, No. 1:23-cv-00030-MOC-WCM, Doc. 1-1 at 1.

## B. The First Removal and Remand

However, on February 1, 2023, and before the hearing occurred, Defendant, appearing *pro se*, removed the case to this Court. <u>See</u> 1:23-cv-00030-MOC-WCM (the "First Federal Action").

Plaintiffs filed a motion to remand the next day. First Federal Action, Docs. 3, 4. Defendant later responded. <u>See</u> First Federal Action, Docs. 8, 9, 12.

On March 22, 2023, the undersigned granted Plaintiffs' motion to remand, finding that this Court lacked federal subject matter jurisdiction. <u>See</u> First Federal Action, Doc. 13 at 11.

## C. Additional Proceedings in State Court

On May 8, 2023, the Clerk held a hearing on the Motion to Add Westwood Funding as well as a request by Plaintiffs for an injunction and an oral motion by Plaintiffs to add "JL Dynasty Trust (2017)."

An Order was entered on those motions on May 16, 2023 (the "May 16 Order," Doc. 2-8). In the May 16 Order, the Clerk found that on February 16, 2023, Defendant had filed a document purporting to be a deed of trust for the benefit of JL Dynasty Trust and that it therefore appeared that Westwood Funding LLC was the owner of what was previously Defendant's 1/3 interest in the Property and that Westwood Funding, LLC's interest was subject to the Deed of Trust in favor of JL Dynasty Trust. Doc. 2-8 at 3.

The May 16 Order directed Plaintiffs to file an Amended Partition Petition to add Westwood Funding, LLC and JL Dynasty Trust as respondents, and enjoined Defendant from "conveying or further encumbering Westwood Funding, LLC's and JL Dynasty (2017)'s interest" in the Property. In doing so, the Clerk stated:

> This Court does find based on the information presented at the hearing that Edee (1) deeded his rights in the real property that is the subject of this Partition Proceeding to Westwood Funding, LLC after being served with the partition summons, (2) improperly removed this matter to Federal Court on the morning of the previously noticed hearing on the Petitioner's Motion to Add Westwood Funding, LLC as a party, and (3) recorded the Deed of Trust after improperly removing this matter to Federal Court. The Court does find that Edee appears to be trying to delay and interfere with this Court's Orders and proceedings on the Partition Proceeding. The Court further finds that Edee's actions to date have delayed and interfered with the ability of the Commissioner and this Court to conduct the Partition Sale and to conclude this Partition Proceeding.

Doc. 2-8 at 3-4.

Thereafter, Plaintiffs filed an Amended Petition to Partition Real Property (the "Amended Petition," Doc. 2-9), and noticed a hearing on the Amended Petition for August 28, 2023 at 2:00PM. Doc. 2-11.

### D. Second Remand and Additional Proceedings in Federal Court

On the morning of August 28, 2023, Defendant filed a Notice of Removal, Doc. 1, and removed the case a second time.

On September 1, 2023, Plaintiffs filed the Motion to Remand. Doc. 2.

On September 15, 2023, Thomas R. Woodrow filed a Notice of Appearance on behalf of Defendant and requested a seven-day extension of time, through and including September 22, 2023, to respond to the Motion to Remand. Docs. 6, 7. Also on September 15, 2023, Defendant filed a *pro se* motion for a 45-day extension of time. Doc. 5. The request for a seven-day extension (as made by Mr. Woodrow) was granted and Defendant's *pro se* request for a 45-day extension was denied as moot.

Six days later, on September 21, 2023, Mr. Woodrow filed the Motion to Withdraw. Doc. 8.

The next day, September 22, 2023, Defendant filed, *pro se*, the First Motion to Extend. Doc. 10.

On September 25, 2023, the undersigned issued an Order setting a hearing on the Motion to Remand and the Motion to Withdraw as well as a status conference. Doc. 9. Plaintiffs' counsel, Mr. Woodrow, and Defendant were each directed to appear in person for the hearing and status conference, which were scheduled to occur on Monday, October 16, 2023.

On Friday, October 13, 2023, Defendant filed a *pro se* "Emergency Motion –Medical Continuance Request for Medical Continuance – Emergency Biopsy and CT Scan and Obstruction Cyst" (the "Emergency Motion," Doc. 11), which requested a continuance of the October 16, 2023 hearing. The same day,

the Court granted Defendant's request in part and directed that the hearing be rescheduled, but noted that the timing of Defendant's request, which came one business day prior to the scheduled hearing, was highly suspect. Doc. 16. In addition, the undersigned stated that all pending motions and associated issues would be considered during the rescheduled hearing and status conference and advised:

> Should any party fail to appear for the hearing and status conference, the undersigned may proceed to rule on the pending matters without further input from the absent party and may also consider sanctions, as may be appropriate.
>
> Id. at 2.

Also on October 13, 2023, Defendant filed the *Pro Se* Request to Withdraw. Doc. 13.

A hearing on all pending motions and a status conference was subsequently rescheduled for November 1, 2023.

On October 24, 2023, Defendant called the office of the clerk of this Court and was informed that the hearing and status conference had been rescheduled for November 1.

On October 31, 2023, Defendant filed the Second Motion to Extend. Doc. 19. Later that same day, Defendant again called the federal clerk's office, and was informed that the Second Motion to Extend had not been ruled upon.

On November 1, 2023. Mr. Woodrow and Plaintiffs' counsel, Mr. Whitfield-Cargile, appeared for the scheduled proceedings. Defendant did not appear. At the beginning of the hearing, the undersigned, having reviewed the record and heard from Mr. Woodrow regarding his communications with Defendant, concluded that Defendant had received sufficient notice of the November 1 hearing, and therefore proceeded to conduct a status conference[2] and to consider the pending motions.

At the conclusion of those proceedings, the undersigned issued various oral rulings. This Order memorializes those decisions and explains them in further detail.

II.   Discussion

A. The Second Motion to Extend (Doc. 19)

By the Second Motion to Extend, Defendant requests a 25-day extension based on "scheduled testing and procedure dates on or after November 1, 2023" related to "medical testing Ordered by Doctors of Urology Specialists." Id. During the November 1 hearing, Plaintiffs opposed the requested extension.

The October 13 Order expressly stated as follows:

> The parties, and particularly Defendant, are advised that no further extensions of the hearing date will be

---

[2] During the status conference, counsel for Plaintiffs confirmed that the parties had not reached a negotiated resolution of the partition proceeding and that, if this matter were remanded, Plaintiffs would continue to move forward with the Amended Petition before the Clerk in state court.

> allowed absent extraordinary circumstances. To the extent any party seeks a further continuance based on asserted medical conditions or procedures, no such request will be considered unless it is accompanied by a sworn affidavit from a licensed medical provider attesting to the necessity of the requested extension due to medical reasons.

Doc. 16 at 2.

However, Defendant has not provided a sworn affidavit from a licensed medical provider attesting to the necessity of the requested extension.

Defendant has submitted documents that purport to reflect his medical information. Doc. 20. However, even assuming that these documents are authentic, the undersigned is not persuaded that extraordinary circumstances exist such that the Second Motion to Extend should be granted.

The documents appear to indicate that on October 30, 2023, Defendant scheduled a radiology appointment for November 1, 2023 at 9:30 AM. Even assuming that Defendant has medical issues that need attention, the record before the Court does not indicate that any such medical issues are emergent or required the scheduling of an appointment on very short notice – and particularly on the same date as the previously scheduled hearing in this case and for which Defendant had been directed to appear.

Finally, there is no indication that Defendant consulted either with Plaintiffs' counsel or Mr. Woodrow, both of whom (like Defendant), were specifically ordered to attend the hearing.

Consequently, this Motion will be denied. The Court will, though, *sua sponte* and without objection by Plaintiffs, direct that the materials submitted by Defendant, and which were filed provisionally under seal, remain sealed.

### B. Defendant's First Motion to Extend

By this Motion, which Defendant filed *pro se*, Defendant requests a "continuance" of thirty days based on his representation that he is searching for "Local North Carolina Counsel" and "wishes to file an addendum" to his Notice of Removal based on "violations of due process." Doc. 10 at 2.

Defendant, though, filed this Motion over a month prior to the November 1 hearing, and has since responded to the Motion to Remand. Doc. 15. Further, Defendant did not consult with Plaintiffs regarding this request.

Consequently, this Motion will be denied.

### C. The Motion to Withdraw & the *Pro Se* Request to Withdraw

In the Motion to Withdraw, Mr. Woodrow asserts that he and Defendant "have irreconcilable differences regarding the litigation" which require him to withdraw as Defendant's counsel.

During the November 1, 2023 hearing, Mr. Woodrow advised that when the Motion to Withdraw was filed, his request was based on Rules 1.16(b)(4) and 1.16(b)(8) of the North Carolina Rules of Professional Conduct, but that, subsequently, Defendant has discharged Mr. Woodrow, such withdrawal is not required pursuant to Rule 1.16(a)(3).

In his *Pro Se* Request to Withdraw, Defendant appears to assert that Mr. Woodrow's appearance in this matter was not authorized. Doc. 13.

Having reviewed the record and having heard further from Mr. Woodrow, the Court finds that it is appropriate to allow Mr. Woodrow to withdraw.

### III. Motion to Remand

#### A. Subject Matter Jurisdiction

Defendant appears to contend that this Court may exercise federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have "repeatedly and systematically" violated the "Federal Fair Housing Act" by refusing Defendant's offers to purchase the Property. See Doc. 1; see also Doc. 15.

However, a review of the state court filings indicates that this matter continues to be "a garden-variety dispute over the requested partition or sale of real property of the kind routinely handled by the state courts of North Carolina," First Federal Action, Doc. 13 at 11, and that there is no basis for the exercise of federal subject matter jurisdiction. See id.; see also Chapman v. Vande Bunte, 604 F.Supp. 714, (E.D.N.C. 1985) (finding that an in rem action seeking partition of property under North Carolina law did not present "a case or controversy within the subject matter" of the federal court).

11

Further, to the extent Defendant is attempting to defend the partition proceeding by contending that Plaintiffs' actions constitute violations of the Fair Housing Act, 42 U.S.C.A. § 3604, such a defense would not support the exercise of federal jurisdiction. Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14, (1983) ("a case may not be removed ... on the basis of a federal defense"); accord Vaden v. Discover Bank, 556 U.S. 49, 61, (2009) (finding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim") (citing Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002)).

Additional bases for remand as cited by Plaintiffs – that the filing of the notice of removal is untimely and that all respondents in the partition proceeding have not consented to removal – serve as additional grounds upon which the Motion to Remand may be allowed.

Consequently, the Motion to Remand will be granted and the case will be remanded upon the conclusion of the issues associated with Plaintiffs' expenses, described below.

## B. Plaintiffs' Request for Attorneys' Fees and Costs

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). Consequently, 28 U.S.C. § 1447

provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." An award of attorneys' fees, though, is within the discretion of the court and, "[a]bsent unusual circumstances" courts may award attorneys' fees "only where the removing party lacked any objectively reasonable basis for seeking removal." <u>Martin</u>, 546 U.S. at 141 ("The appropriate test for awarding fees under 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter.").

In remanding the First Federal Action, the undersigned stated:

> In view of the circumstances presented, including that it appears Defendant removed this matter to avoid a state court hearing set for February 1, the undersigned has closely considered whether to award fees and costs to Plaintiffs. However, considering the limited delay and Defendant's *pro se* status, the undersigned will deny Plaintiffs' request for such an award in connection with the removal of this case.

First Federal Action, Doc. 13 at 12.

However, on August 28, 2023, Defendant again removed the case immediately before a scheduled hearing before the Clerk in state court and has twice sought last minute extensions of scheduled proceedings before this Court.

Further, as discussed above, Defendant has failed to provide any objectively reasonable basis for seeking removal, as this case continues to be a "garden-variety" state court partition proceeding.

In sum, the undersigned can only conclude that Defendant has attempted and continues to attempt to stall and unreasonably delay both the partition proceeding pending before the Clerk in state court and the resolution of the Motion to Remand pending before this Court.

Accordingly, the undersigned finds that awarding Plaintiffs' expenses, including attorney's fees, incurred as a result of Defendant's August 28, 2023 removal, is warranted. See McPhatter v. Sweitzer, 401 F.Supp.2d 468, 478-480 (M.D.N.C. 2005) ("Reimbursement is appropriate in a variety of situations, including untimely removal, removal based on an erroneous legal argument, repetitive removals, and removal which greatly increases the cost and/or complexity of the case.") (collecting cases including Benson v. SI Handling Sys., Inc., 188 F.3d 780, 783 (7th Cir.1999) ("Multiple removals could ... lead to sanctions, if nothing of significance changes between the first and second tries."), Ins. Co. of Pa. v. Waterfield, 371 F.Supp.2d 146, 151 (D. Conn. 2005) (award of attorney's fees was proper where removal was untimely and defendant had stalled and delayed case)); Cain v. CVS Pharmacy, Inc., No. 5:08cv79, 2009 WL 539975, at *2 (N.D. W.Va. March 4, 2009) ("a court will not entertain second removals made in bad faith for the 'obvious purpose and

intent of simply frustrating the trial of the issues in the State Court"') (quoting Smith v. Student Non-Violent Coordinating Committee, 421 F.2d 522, 524 (5th Cir.1969)); see also Cent. Mortg. Corp. v. Campbell, 1:12–cv–287, 2012 WL 5463043, at *2 (M.D.N.C. Nov. 8, 2012) (awarding fees against *pro se* defendant who "vexatiously extended" proceedings); In re Foreclosure of a Deed of Trust Executed by Prodev, XI, LLC, 5:08–cv–569–F, 2008 WL 5234301, at *3 (E.D.N.C. Dec. 15, 2008) ("even assuming there was an objectively reasonable basis for seeking removal, the facts reveal that the Petition for Removal was filed for the purposes of delaying the foreclosure sale and prolonging the foreclosure proceedings"); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 3:08–cv–293–FDW, 2008 WL 4166328, at *1 (W.D.N.C. Sept. 3, 2008) (awarding fees against *pro se* defendant who removed what appeared to be a "simple foreclosure action of real property").

**IT IS THEREFORE ORDERED THAT:**

(1) The Second Motion to Extend (Doc. 19) is **DENIED**. However, Defendant's medical records (Doc. 20) shall remain **UNDER SEAL** pending further order of the Court.

(2) The First Motion to Extend (Doc. 10) is **DENIED**.

(3) The Motion to Withdraw (Doc. 8) is **GRANTED**, and Thomas R. Woodrow is **WITHDRAWN** as counsel of record for Defendant.

(4) To the extent the *Pro Se* Request to Withdraw (Doc. 13) seeks the withdrawal of Mr. Woodrow as Defendant's counsel, the Motion is **DENIED AS MOOT**. To the extent the Motion seeks other relief, it is **DENIED**.

(5) The Motion to Remand (Doc. 2) is **GRANTED**, and, pursuant to 28 U.S.C. §1447(c), Plaintiffs **ARE AWARDED** their just costs and actual expenses, including attorney's fees, incurred as a result of the August 28, 2023 removal of this matter by Defendant. This award shall be paid by Defendant personally and not by his former counsel, Mr. Woodrow. In that regard,

  a. Plaintiffs and Defendant are **DIRECTED** to confer and attempt to reach an agreement as to the amount of the award.

  b. On or before **November 8, 2023**:

    i. Plaintiffs and Defendant shall file a joint stipulation advising that they have conferred and reached an agreement as to the amount of the award, and advising of such amount, or

    ii. In the alternative, if the parties are unable to reach an agreement, Plaintiffs shall submit sufficient materials from which the Court can determine an appropriate award. Defendant shall have fourteen (14) days from the

16

date of Plaintiffs' filing to file any response in opposition. Plaintiffs shall have three (3) days from the date of Defendant's filing in opposition to file a reply, if any.

c.  Following resolution of the amount of this award, this matter will be remanded by separate Order.

(6) To ensure Defendant's continued and timely receipt of the remaining filings in this matter, Defendant is **ADVISED** that he is **REQUIRED** to keep his address current with the Clerk, and may, additionally, request in writing that he receive notice via email whenever a pleading or other paper is filed electronically, in accordance with this Court's administrative procedures.

(7) The Clerk is **RESPECTFULLY DIRECTED TO TRANSMIT** a copy of this Order to "5665 Atlanta Hwy 9, #266, Alpharetta, GA 30004," which is the address provided by Defendant in his "Clarification and Declaration of Official Address for Notice and Address for Service of Process," Doc. 14, and additionally to send a courtesy copy of this Order to Defendant via email at the email address provided by Defendant's former counsel, Mr. Woodrow.

Signed: November 3, 2023

W. Carleton Metcalf
United States Magistrate Judge